## SUPREME JUDICIAL COURT,

#### FOR THE COUNTY OF

## OXFORD.

### *AUGUST TERM,*

### 1825.

### Howard *vs.* Chadbourne.

The mortgagor, though not liable on any covenants in his deed, cannot be a witness for the mortgagee in an action brought to recover possession of the land ; where the possession sought by the demandant would be a payment, *pro tanto,* of the debt.

This was a writ of entry, upon a mortgage deed with covenants of general warranty, &c. made to the demandant by one *Levi Sawyer, June* 10, 1817, and recorded *April* 1, 1819. The tenant claimed the premises under a deed of release, without any covenants whatever, made to him by *Sawyer July* 3, 1818, and recorded *July* 27, 1818 ; and the question was whether the tenant, at the time of receiving his deed from *Sawyer,* had notice of the existence of the mortgage to the demandant. To prove this fact, the demandant offered the deposition of *Sawyer,* which was objected to on the ground of his interest by virtue of the covenants in his deed ; but the Chief Justice, before whom the cause was tried, considering this interest as not affected by the point in contest, admitted the deposition *de bene esse,* subject to the opinion of the Court ; a verdict being returned for the demandant.

*Fessenden* and *Chase,* for the tenant, now insisted on the objection taken at the trial ;—and further contended that as the land was collateral to the debt, and an entry for condition broken was

payment *pro tanto*, the witness was directly interested on the side of the demandant, whose success in this suit would in fact extinguish the debt.

*Greenleaf*, for the demandant.

The opinion of the Court was delivered in *Cumberland*, at the adjournment of the ensuing *November* term, by

MELLEN C. J.   In this case the only question is whether *Sawyer* was properly admitted as a witness on the part of the demandant, to prove that the tenant had knowledge of the existence of the mortgage deed to the demandant, at the time he purchased of *Sawyer*, whose deed to the tenant contains no covenants, though the mortgage deed does.   At the trial, the only objection made to the admission of the witness was placed on the ground of his liability on his covenants to and with the demandant ; but, as *Sawyer* had a title at the time he executed the mortgage deed, and could not be liable on his covenants if the demandant had lost it by his own inattention in not causing the mortgage to be registered prior to the registry of the deed to the tenant ; the witness was admitted ; appearing, as he then did, to stand perfectly indifferent as to the point of interest.   But in the argument before us the objection has been placed upon a new ground.   It is now contended that if, by the testimony of *Sawyer*, the demandant's title under the mortgage should be established, the execution of the writ of *habere facias possessionem* would completely vest the title of the demanded premises in him, absolutely, if not redeemed ; and this would at once amount to payment of the debt, to secure which the mortgage was made ; or so much of it as the land is fairly worth ; and hence it is argued that *Sawyer* had a direct interest to establish the mortgage ; and thus, in whole or in part, pay his debt with the land ; knowing that the tenant could have no claim upon him, because the deed of release which he had given him contained no covenants on which he could be rendered liable in damages ; whereas, if the mortgage deed should be defeated, the premises would belong to the tenant, and *Sawyer* must pay his debt to the demandant.   Such is the argument of the tenant's counsel, and the reasons urged in its support;

and we do not perceive that it is capable of refutation. We admit its force, and are all of opinion that the verdict must be set aside and a new trial granted.